# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR J. EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 C 7694 |
| ) | |
| FOLDING GUARD COMPANY, ) | Judge Jorge L. Alonso |
| a division of Leggett and Platt, Incorporated, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Three motions are before the Court. For the reasons explained below, defendant's agreed motion to amend the caption of the pleadings to reflect the proper defendant [31] is granted; defendant's amended motion to dismiss certain claims [22] is granted in part and denied in part; and plaintiff's motion for attorney representation [27] is denied. The Clerk of Court is directed to amend defendant's name in the case caption to read "Folding Guard Company, a division of Leggett and Platt, Incorporated." This case is set for a status hearing on January 27, 2016 at 9:30 a.m.

## DISCUSSION

Pro se plaintiff, Victor J. Evans, brought this employment discrimination action against Folding Guard Company, asserting race and color discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), retaliation, and defendant's failure to stop ongoing "sexual harassment and lewd jokes."

A.      **Defendant's Agreed Motion to Amend the Caption of the Pleadings**

In the complaint, plaintiff refers to the defendant as "Folding Guard Leggett & Platt." The parties are in agreement that the proper defendant is "Folding Guard Company, a division of Leggett and Platt, Incorporated." Therefore, defendant's agreed motion to amend the case caption [31] is granted.

B.      **Defendant's Rule 12(b)(6) Motion to Dismiss Certain Claims**

On a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendant moves to dismiss what it characterizes as plaintiff's age, color, retaliation, and "sexual harassment" claims for failure to exhaust administrative remedies because the Charge of Discrimination plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") did not encompass those claims. The charge claimed only race

discrimination.[1] Before bringing a charge of retaliation under Title VII or the ADEA, plaintiffs are required to exhaust their administrative remedies. *See, e.g., Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC."); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) ("As a general rule, any claim that an ADEA plaintiff wishes to pursue in federal court must first be presented to the EEOC."). Plaintiff has filed a response to defendant's motion in which he asserts additional allegations about his work environment but does not respond to the failure-to-exhaust argument.

Plaintiff has failed to exhaust his administrative remedies for his age discrimination claim because his EEOC charge did not encompass any such claim. *See, e.g.*, *Escarzaga v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, No. 15 C 2568, 2015 WL 6445606, at *4 (N.D. Ill. Oct. 23, 2015) (dismissing age discrimination claim where plaintiff's EEOC charge asserted only claims of national origin, ancestry and disability discrimination). Therefore, plaintiff's age discrimination claim is dismissed. Because the EEOC charge also did not encompass color discrimination or retaliation, the Court dismisses, for failure to exhaust administrative remedies, plaintiff's Title VII claims for color discrimination and retaliation. *See, e.g.*, *Howell v. Rush Copley Med. Grp. NFP*, No. 11 C 2689, 2012 WL 832830, at *3 (N.D. Ill. Mar. 12, 2012) (holding that an EEOC charge alleging discrimination based on "my race, Black" was insufficient to allow a federal suit alleging color discrimination); *Reynolds v. Tangherlini*, 737

---

[1] Plaintiff states in his complaint that he attached a copy of the EEOC charge to the complaint, but he did not. All that is attached is the EEOC's right-to-sue letter. Defendant, however, has attached a copy of the EEOC charge as Exhibit A to its memorandum of law in support of its motion. Because the EEOC charge is mentioned in the plaintiff's complaint and is central to his claims, the Court will consider it without converting defendant's motion into a summary judgment motion. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013).

F.3d 1093, 1100-01 (7th Cir. 2013) (holding that plaintiff failed to exhaust his administrative remedies on his Title VII retaliation claim). However, the Court will not dismiss plaintiff's § 1981 claims for color discrimination and retaliation[2] because unlike Title VII, § 1981 does not require a plaintiff to bring an EEOC charge before filing a claim in federal court. *See, e.g.*, *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007); *Walker v. Abbott Labs.*, 340 F.3d 471, 474 (7th Cir. 2003).

As for the claim that defendant characterizes as one for "sexual harassment," the Court construes this claim differently. Plaintiff alleges that because of his race, he was harassed and subjected to lewd jokes. In the complaint, he refers to this harassment and states that he was "the only black male that worked in the punch department," and in his response brief, he states that he was subjected to "lewd jokes about black penis."[3] Reading plaintiff's allegations liberally, as the Court must do, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the Court understands plaintiff to be alleging that defendant failed to stop ongoing race-based harassment of a sexual nature. Therefore, the Court construes plaintiff's allegations as § 1981 and Title VII claims for a hostile work environment, and declines to dismiss them. As discussed above, there is no exhaustion requirement for § 1981 claims. Regarding Title VII, a plaintiff may bring such a claim if it was included in his EEOC charge or is reasonably related to the allegations of the charge and grows out of such allegations. *McKenzie v. Ill. Dep't of*

---

[2]Although the complaint does not specify the basis for plaintiff's retaliation claim, the Court construes it as having been brought under both Title VII and § 1981. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (stating that courts should construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers).

[3]When evaluating a complaint, the Court can consider facts that a plaintiff alleges in a brief in opposition to a motion to dismiss, as long as those facts are consistent with the complaint's allegations. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

*Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). Plaintiff stated in the "particulars" section of his EEOC charge that he had been subjected to offensive racial comments and had complained to defendant several times to no avail. (R. 21-1 at 3.) Accordingly, plaintiff's hostile work environment claim is permitted because it reasonably relates to, and could grow out of an investigation of, the statements in his EEOC charge.

The dismissals of plaintiff's ADEA claim and Title VII claims for color discrimination and retaliation will be without prejudice. Defendant seeks a with-prejudice dismissal, but that would be inappropriate; the claims are premature, not untimely. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009).

C.  **Plaintiff's Motion for Attorney Representation and Plaintiff's Other Filings**

On January 13, 2016, plaintiff filed, in addition to his response to defendant's motion to dismiss, 1) a document titled "wrongful termination" in which plaintiff explains that defendant terminated him from his job in October 2015 and the alleged circumstances; 2) a letter to the Court in which plaintiff discusses his termination and requests "help with an attorney"; and 3) a motion for attorney representation.

In his motion, plaintiff states that he contacted "Ms. Victoria L. Gray Chief Attorney, Law & Employment" to seek representation but has not received a response. It appears, however, that Ms. Gray is an attorney for the Chicago Transit Authority and does not represent private parties. Plaintiff does not state that he has contacted anyone else. The motion for attorney representation [27] is denied because plaintiff has not made reasonable attempts to seek representation with lawyers, firms, or legal aid societies or other associations that represent private parties.

As for plaintiff's filings concerning his termination, it appears that plaintiff is asserting that he was wrongfully terminated in retaliation for exercising his workers' compensation rights and filing the instant case, but it is unclear whether plaintiff seeks leave to amend his complaint to add these claims. The Court will set a status hearing to discuss the matter.

## CONCLUSION

Defendant's agreed motion to amend the caption of the pleadings to reflect the proper defendant [31] is granted, and the Clerk of Court is directed to amend defendant's name in the case caption to read "Folding Guard Company, a division of Leggett and Platt, Incorporated." Defendant's amended motion to dismiss certain claims [22] is granted in part and denied in part. The motion is granted as to plaintiff's ADEA age discrimination claim and Title VII claims for color discrimination and retaliation, and those claims are dismissed without prejudice. The motion is denied as to plaintiff's § 1981 claims for color discrimination, retaliation, and a hostile work environment. Plaintiff's motion for attorney representation [27] is denied. This case is set for a status hearing on January 27, 2016 at 9:30 a.m.

**SO ORDERED.**                 **ENTERED:**    **January 20, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**